# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RASHEED LAWRENCE** | : |
|       Petitioner, | : |
| | : |
| v. | :    **CIVIL ACTION NO. 17-4144** |
| | : |
| **BARRY SMITH,** *et al.* | : |
|       Respondents. | : |

## ORDER

**AND NOW,** this 2nd day of April 2018, upon careful and independent consideration of the Petition for Writ of Habeas Corpus, and all related filings, and upon review of the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas J. Rueter, to which no objections have been filed, it is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**[1];

2. The Petition for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE** and without an evidentiary hearing;

3. There is no probable cause to issue a certificate of appealability[2]; and

4. The Clerk of Court is directed to **CLOSE** the case.

It is so **ORDERED**.

                                              **BY THE COURT:**

                                              **/s/Cynthia M. Rufe**

                                              **CYNTHIA M. RUFE, J.**

---

[1] The Court agrees that Petitioner is not entitled to relief: a challenge to the denial of a PCRA claim as erroneous is not cognizable in federal habeas proceedings, *see Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004), and the state courts reasonably rejected his claim that his trial counsel failed to file a direct appeal despite his request. The PCRA court held a hearing at which trial counsel testified that he discussed an appeal with Petitioner and advised him that there were no appealable issues, and that Petitioner never requested that he file an appeal. Petitioner thus cannot show that the state courts unreasonably applied clearly established federal law in rejecting the claim that his trial counsel was ineffective.

[2] There is no basis for concluding that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted).